**IMG-184**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1673
_____

SELVIN ROLANDO ESTRADA-ESTRADA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A070-895-327)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 17, 2011

Before:  SCIRICA, FISHER and ALDISERT, Circuit Judges

(Filed: August 17, 2011 )
_____

OPINION
_____


PER CURIAM

        Selvin Rolando Estrada-Estrada ("Estrada") petitions for review of the Board of

Immigration Appeals' final order of removal.  For the reasons that follow, we will deny

the petition for review.

Estrada, a native and citizen of Guatemala, entered the United States in January 1990, without inspection. In 1993, he applied for asylum, withholding of removal, and protection under the Convention Against Torture, claiming a fear of persecution. He was issued a Notice To Appear on September 24, 2007, placing him in removal proceedings. It is uncontested that he is removable under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. In December 2008, Estrada applied for Special Rule Cancellation of Removal under Section 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100 § 203, 111 Stat. 2160, 2196-2200 (November 17, 1997). He also applied for voluntary departure under INA § 240B, 8 U.S.C. § 1229c.

On December 24, 2008, the Immigration Judge denied Estrada's application for asylum and his application for Special Rule Cancellation. The IJ granted Estrada sixty days to voluntarily depart, and, in the alternative, ordered him removed to Guatemala.

Estrada appealed to the Board of Immigration Appeals, which stayed his voluntary departure. On August 31, 2010, the Board dismissed Estrada's appeal, finding it lacking in merit. The Board granted him another 60 days to depart voluntarily. In its written decision, the Board warned Estrada of the consequences of failing to depart during the voluntary departure period. The Board also gave him notice of the effect of filing a post-decision motion to reopen or petition for review on a grant of voluntary departure under 8 C.F.R. § 1240.26(c)(3)(iii) (if alien files post-order motion to reopen or reconsider during

2

period allowed for voluntary departure, grant of voluntary departure shall terminate automatically and alternate order of removal will take effect immediately).

Estrada did not depart the United States during the sixty-day voluntary departure period. He did not ask the Board to withdraw its grant of voluntary departure during the sixty-day period. He did not timely petition for review of the Board's August 31, 2010 decision.

On October 4, 2010, Estrada married a United States citizen and she filed an immediate relative visa petition on his behalf. On November 22, 2010, day 83 of the 90-day period for filing a motion to reopen, Estrada filed a motion to reopen with the Board, seeking to apply for adjustment of status, INA § 245(a), 8 U.S.C. § 1255(a), based on the visa petition filed by his United States citizen spouse. He also specifically requested to withdraw his request for voluntary departure, citing Dada v. Mukasey, 554 U.S. 1 (2008) (alien may withdraw voluntary departure request as long as request is made within the voluntary departure period). The Department of Homeland Security opposed the motion.

On February 25, 2011, the Board denied Estrada's motion to reopen, noting that he was statutorily ineligible for adjustment of status for ten years because he did not voluntarily depart the United States. Moreover, because he did not file his motion to reopen within the voluntary departure period, the grant of voluntary departure was not automatically terminated. The Board also denied Estrada's request to withdraw the voluntary departure grant, because he did not seek withdrawal before the expiration of the

3

voluntary departure period. The Board reasoned that his circumstances did not match those of the alien in Dada.

Estrada has timely petitioned for review of the Board's February 25, 2011 decision. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1).

We will deny the petition for review. We review the Board's denial of a motion to reopen for abuse of discretion. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992). The discretionary decision is not disturbed unless it is found to be arbitrary, irrational, or contrary to law. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). The Board has discretion to deny a motion to reopen where it determines that the alien is not prima facie eligible for the underlying relief sought. See Immigration & Naturalization Serv. v. Abudu, 485 U.S. 94, 105 (1988). Under INA § 240B(d)(1)(B), 8 U.S.C. § 1229c(d)(1)(B), an alien who fails to depart within the voluntary departure period is ineligible for adjustment of status for ten years.[1] Estrada does not deny that he did not depart the United States within the sixty-day voluntary departure period.

---

[1] The statute provides:
>   (d) Civil penalty for failure to depart
>
>   (1) In general
>
>   Subject to paragraph (2), if an alien is permitted to depart voluntarily under this section and voluntarily fails to depart the United States within the time period specified, the alien--
>
>   *    *    *    *

4

An alien who is subject to a removal order has 90 days after the issuance of a final removal order to file a motion to reopen proceedings. 8 C.F.R. § 1003.2(c)(2). Estrada argues that his failure to depart during the 60-day voluntary departure period renders his statutory right to seek reopening within 90 days a nullity. Petitioner's Brief, at 9. Dada addressed this very argument. The Supreme Court held that an alien must be permitted to seek withdrawal of the grant of voluntary departure. See id. at 20-21. If the grant of voluntary departure is withdrawn, the alien then avoids the ten-year bar and may remain in the United States to pursue administrative relief. See id. However, the alien must seek withdrawal of the voluntary departure order before it expires. See id.

This latter requirement preserves the alien's right to seek reopening while respecting the government's interest in maintaining the advantages of the voluntary departure arrangement. See id. As the Board determined, Dada does not help Estrada because he did not request withdrawal of the order within the voluntary departure period. Under the regulation promulgated after Dada, "[i]f the alien files a post-decision motion to reopen or reconsider during the period allowed for voluntary departure, the grant of voluntary departure shall be terminated automatically … and [t]he penalties for failure to depart voluntarily under section 240B(d) of the Act shall not apply…." 8 C.F.R.

_____

(B) shall be ineligible, for a period of 10 years, to receive any further relief under this section and sections 1229b, 1255, 1258, and 1259 of this title.

8 U.S.C. § 1229c(d)(1)(B).

§ 1240.26(b)(3)(iii).  The regulation is in accord with <u>Dada</u> and satisfies due process. Because Estrada did not avail himself of the opportunity presented by the regulation and <u>Dada</u> – by seeking withdrawal of his voluntary departure order in a timely manner – the Board did not abuse its discretion in denying his motion to reopen.

For the foregoing reasons, we will deny the petition for review.